**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MAXINE FERGUSON,

        Plaintiff,

vs.

CITIMORTGAGE, INC.; WACHOVIA
MORTGAGE COMPANY; PENDERGAST
& ASSOCIATES, P.C. AND PRINCIPAL
RESIDENTIAL MORTGAGE, INC.,

        Defendants.

Civil Action No. 1:13-cv-01373-RWS

---

**PLAINTIFF'S RESPONSE TO DEFENDANT PENDERGAST & ASSOCIATES,
P.C.'s MOTION TO DISMISS**

---

**COMES NOW** Plaintiff, MAXINE FERGUSON, by and through Counsel, and hereby files this response in opposition to Defendant PENDERGAST & ASSOCIATES, P.C.'s (hereinafter Pendergast) Motion to Dismiss.

This is an action for general, specific, statutory, and punitive damages for Wrongful Foreclosure, Trespass, Malicious Eviction, Georgia Fair Business Practices Act (GFBPA), Fair Debt Collection Practices Act (FDCPA) and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiff submits that none of the grounds raised by Defendant have merit and their Motion to Dismiss should be denied.

## I.   COURT SHOULD DETERMINE IF JURISDICTION EXISTS

Plaintiff originally filed this action in the DeKalb County Superior Court. Defendants in turn have twice removed this action to the present court and filed a Motion to Dismiss. Defendant's Removal is untimely and thus this Court lacks jurisdiction to here this matter and must send it back to DeKalb County Superior Court.

Because an action is not removable under Section § 1441 unless it originally might have been brought in a federal court, it is not surprising—and the cases make clear—that the basic principles of diversity of citizenship jurisdiction, such as the requirement of complete diversity between all plaintiffs and all defendants, and the amount in controversy requirement, fully apply to cases removed under Section §§1441(a) and (b). Thus, diversity suits filed after January 17, 1997, must place over $75,000 into controversy in order for removal of the actions to be proper.

The first paragraph of Section § 1446(b) of Title 28 controls the time for removing cases from a state court to a federal court. It requires that the notice of removal of a civil action or proceeding be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 30 days after the service of the summons upon the defendant when the initial pleading has

been filed in state court and is not required to be served on the defendant, whichever period is shorter. The purpose of the provision is to prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected. The goal is early resolution of the court system in which the case will be heard. § 3731 Procedure for Removal—Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris. § 3731 (4th ed.)

The first paragraph of Section 1446 (b) sets out the fundamental and well-settled principle that the time limitation on removal of a civil action does not begin when the state court action is commenced, but runs when the defendant receives notice of the initial state court action.  This is the "receipt rule", which has the virtues of logic and common sense, and has been articulated and applied by many federal courts in numerous cases.        Defendants initially removed this action based on Federal Question. (*See* Def. Motion p. 3)   They did not assert that they were fraudulently added and seek to remove the case based on Diversity at the time of the initial filing which was June, 2012.  Plaintiff's amended complaint did not add any new parties that would raise diversity as an issue. Accordingly, Defendant has participated in the fraudulent removal of this case, this Court lacks jurisdiction of this matter and Defendants should be subject to sanctions. Plaintiff will file a Motion to Remand seeking the aforementioned. *See Clingan v. Celtic Life Ins. Co.*, 244 F.

Supp. 2d 1298 (M.D. Ala. 2003); *Smith v. Equitable Life Assur. Co. of U.S.*, 148 F. Supp. 2d 1247 (N.D. Ala. 2001); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001).

## II.    APPLICABLE STANDARDS

### A.  <u>Motion to Dismiss</u>

If the Court finds that it indeed has jurisdiction, Defendants bear a heavy burden with their Motion to Dismiss as such a Motion is viewed with disfavor and is rarely granted.  *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364,1369 (11th Cir. 1997); *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999); *see also International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service,* 400 F.2d 465, 471 (5th Cir. 1968)(" Dismissal of a claim on the basis of bare bone pleadings is a precarious disposition with a high mortality rate.").  It is well settled that on a motion to dismiss, Plaintiff's allegations must be accepted as true, and the complaint must be construed in a light most favorable to the plaintiff. *Brooks,* 116 F.3d at 1369; *see also Plante v. USF&G Specialty Insurance Co.,* 2004 WL 741382, *2 (S.D. Fla. 3/2/04).  Any reasonable inferences that may be drawn from the complaint are also accepted as true. *Plante,* 2004 WL 741382, at *2; *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061 (5th Cir. 1994); *see also Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917,

920 (10th Cir. 1992)(when deciding a motion to dismiss, all doubts are resolved in favor of the complainant); *McDougal v. County of Imperial,* 942 F.2d 668, 676 (9th Cir. 1991)(a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted, and a complaint will not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief). Moreover, the Eleventh Circuit has explained this heavy burden with the following:

[T]he Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Tiftarea Shopper, Inc. v. Georgia Shopper, Inc.,* 786 F.2d 1115, 1117-18 (11th Cir.1986) (quoting *Conley). Id.* A complaint may not be dismissed because the plaintiffs' claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. *Robertson v. Johnston,* 376 F.2d 43 (5th Cir. 1967). *Brooks,* 116 F.3d at 1369.

There is no question that Plaintiff has alleged facts that support each of her claims.  Moreover, Defendant appears to be challenging the factual allegations in

the complaint which is wholly inappropriate for a Motion to Dismiss.  Specifically, a motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (2d ed.1990). Consequently, the Court's inquiry is limited to the contents of the complaint. *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993).A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. Wright & Miller, § 357 at 321.   This Court is under a duty to examine the Complaint to determine if the allegations provide for relief on any possible theory. Dismissal is justified only if the allegations of the Complaint clearly demonstrate that Plaintiffs do not have a claim.

### B. Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief"[1] The Eleventh Circuit Court of Appeal has confirmed the "notice" pleading

---

[1] Pursuant to the Appendices to the Federal Rules of Civil Procedure, the notice pleading requirement can be satisfied with something as simple as Form 9, which is a form complaint for negligence. Form 9 consists of:
1. Allegation of jurisdiction.
2. On [date], at [place], defendant negligently [did something] against plaintiff.
3. As a result plaintiff was [injured how], suffered [other losses such as business losses], suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of [money]. Wherefore plaintiff demands judgment against defendant in the sum of————— dollars and costs.
*See* U.S.C.S. Fed.R.Civ.Pro.Appx. Form 9

requirements of federal court.

Before a court may dismiss a claim under Rule 12(b)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Neither "notice pleading" requirements (Fed.R.Civ.P. 8(a)(2)) nor the standards which govern dismissals  under Rule 12(b)(6) require a claimant to set out in detail the facts upon which he bases his claim. Pretrial procedures such as summary judgment (Fed.R.Civ.P. 56) and the motion for a more definite statement (Fed.R.Civ.P. 12(a)) are the appropriate devices to narrow the issues and disclose the boundaries of the claim or defense. *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995).

The Federal Rules provide for a liberal pleading standard, relying on discovery and summary judgment motions to define the facts and issues and dispose of unmeritorious claims. *Gilmour v. Gates, McDonald and Co.,* 382 F.3d 1312,1314-1315 (11th Cir. 2004); *see also Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959) ("Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."); *Banco Continental v. Curtiss National Bank of Miami Springs,* 406 F.2d 510,514 (5th Cir. 1969) ("The purpose

of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities.").

In *Conley v. Gibson,* 355 U.S. 41,47, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the Supreme Court, speaking through Mr. Justice Black, stressed the liberality which should be accorded pleadings according to the Federal Rules of Civil Procedure, and said that these rules:

> '* * * do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. * * *

The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Banco Continental,* 406 F.2d at 512.  Defendants seek to hold Plaintiffs to a heightened "fact pleading" requirement which does not exist.  Plaintiffs have satisfied the notice pleading requirements of Rule 8.

## III. ARGUMENT

Defendants seek to dismiss each of the counts in Plaintiff's Complaint.  As set forth below, Plaintiff has adequately pled her claim against Defendant Pendergast, such that Defendant's Motion to Dismiss must be denied, in accordance with the standards discussed above.

### A. Pendergast & Associates, P.C.  Is An Appropriate Defendant

The right of sale arises from a contract, but breach is a tort compensable at law. *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285(1), 443 S.E.2d 837 (1994). *See also*, e.g., *Curl v. First Fed. Sav.*, etc., 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979); *Decatur Investments Co. v. McWilliams*, 162 Ga.App. 181, 182(2), 290 S.E.2d 526 (1982); *20 AEGL, Mortgages and Bonds for Title*, § 69, p. 342. A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose. *Sears Mtg. Corp. v. Leeds Bldg. Products*, 219 Ga.App. 349, 351(2), 464 S.E.2d 907 (1995). *Brown v. Freedman*, 222 Ga. App. 213, 214, 474 S.E.2d 73, 75 (1996).

Pendergast & Associates, P.C.is the party that initially provided the notice of foreclosure, sent the notice of foreclosure, and initiated the dispossessory action as shown on the affidavit and summons. Accordingly, under Georgia law Defendant is liable.

In *Racette v. Bank of Am., N.A.*[2], the Georgia court of appeals recently reiterated that "[m]ortgagors' allegations that mortgagee and its counsel breached their duty to exercise the power of sale fairly and in good faith by publishing [a] foreclosure advertisement that [was] defective…and that such publication chilled bidding at foreclosure sale, stated a claim for wrongful foreclosure." The court goes on to state that mortgagors "were entitled to recover attorney fees, costs, and punitive damages, on [the] claim for wrongful foreclosure and breach of contract, if mortgagee and its counsel breached their duty to exercise power of sale fairly and in good faith by publishing foreclosure advertisements that they knew were defective" West's Ga.Code Ann. §§ 9–13–140(a), 23–2–114. *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 733 S.E.2d 457 (2012).

The complaint in the aforementioned *Racette v. Bank of Am., N.A.* case alleged the following:

1. **WRONGFUL FORECLOSURE**

   a. Defendants had a duty to conduct their foreclosure of the Plaintiff's property fairly and in good faith.

---

[2] Racette v. Bank of Am., N.A., 318 Ga. App. 171, 733 S.E.2d 457 (2012

b.  Defendants, in the context of foreclosing the Security Deed, knowingly and intentionally published untrue and inaccurate information concerning title to the Plaintiff's Property

c.  Defendant's actions in knowingly and intentionally publishing untrue and inaccurate information concerning title to the Plaintiff's Property were extreme and outrageous.

d.  As a result of the Defendant's actions and conduct, the Defendants breached their duty to conduct the foreclosure of the Property fairly because the bidding at the Defendant's foreclosure of the Plaintiff's Property was chilled.

e.  The Defendant's breach has caused Plaintiffs injury and damage including severe emotional distress.

f.  Defendants have acted in bad faith, have been stubbornly litigious and have put plaintiff's to unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

g.  The Wrongful acts of the Defendants were willful, malicious, fraudulent, wanton, oppressive, or showed the entire want of care that

would raise the presumption of conscious indifference to the consequences of their conduct.

h. Defendant acted, or failed to act, with the specific intent to cause harm to the Plaintiffs and Plaintiffs are entitled to recover punitive and other enhanced damages, plus attorney's fees and expenses, as a result of the wrongful acts of Defendants.

## 2. BREACH OF CONTRACT

a. Plaintiff hereby incorporates by reference the paragraphs 1 through 86 as if same were fully set forth at length herein.

b. The Plaintiff's and Defendant U.S. Bank have a contractual relationship as evidenced by the Note and Security Deed.

c. Defendant U.S. Bank breached its contractual relationship with Plaintiff's by failing to conduct the foreclosure of the Property fairly.

d. Defendant U.S. Bank's repeated breaches of contract have cause Plaintiffs to be damaged.

e. Defendant U.S. Bank has acted in bad faith, has  been stubbornly litigious and has put Plaintiffs to unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-16-11 in an amount to be proven at trial.

### 3.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

a.  Defendant U.S. Bank had a duty to abide by the terms of the underlying Note and Security Deed in connection with any effort to foreclose the Plaintiff's home.

b.  Before and during the maintenance of foreclosure proceeding against the Plaintiff's home, the Defendants ignored and repeated statements from the Plaintiff's concerning errors and inaccuracies in the 20___ advertisement and the 20___ advertisement and thereafter foreclosed on the property.

c.  The Defendants failed to conduct the foreclosure of the Plaintiffs Property in good faith.

d.  The Plaintiffs have been damaged by the Defendant's wrongful conduct in an amount to be proven at trial.

e.  Defendants have acted in bad faith, have been stubbornly litigious and have put Plaintiff's unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

This complaint was deemed to survive a motion to dismiss.  Plaintiff in the case sub judice has pled a more extensive complaint than the aforementioned.

Accordingly, Plaintiff has sufficiently pled a sufficient basis for recovery as it relates to defendant Pendergast.

Defendant Pendergast cites several cases in attempt to convince the court that a law firm is absolutely immune from liability as it pertains to a claim for wrongful foreclosure. *In Russell Corp. v. BancBoston Fin. Co.*, 209 Ga. App. 660, 662, 434 S.E.2d 716, 718 (1993), the court stated that " in the absence of special circumstances, there is no fiduciary relationship between a bank and its borrowers. *Curtis v. First Nat. Bank of Commerce*, 158 Ga.App. 379, 380-381(1), 280 S.E.2d 404 (1981). The trial court correctly determined that there was no evidence of special circumstances imposing upon the bank the duties of a fiduciary in favor of the companies under OCGA § 23-2-58."

This case is distinguishable from the *Russell* case. There the court found that no fiduciary relationship  existed pursuant to OCGA § 23-2-58 under the facts of that case, but  here  Plaintiff is asserting claims pursuant to OCGA § 23–2–114, which were deemed valid pursuant to the holding in *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 733 S.E.2d 457 (2012)

In *Dixie Diners Atlanta, Inc. v. Gwinnett Fed. Bank, FSB* The court stated that "[a]t most, defendants' evidence in this regard showed that Barnes had

experience, knowledge, and expertise in the area of SBA loans, that defendants did not, and consequently that they relied on Barnes in establishing and pursuing the SBA loan. " 'There is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past. [Cit.]' ... There is, moreover, *particularly* no confidential relationship between lender and borrower ... for they are creditor and debtor with clearly opposite interests.... [Cit.]" *Pardue v. Bankers First Fed. Savings etc. Assn.,* 175 Ga.App. 814, 815, 334 S.E.2d 926 (1985). Furthermore, defendants offered no evidence that Barnes exercised a "controlling influence" over their wills, conduct, and interests such as would render the relationship one of confidence. See OCGA § 23-2-58; compare, e.g., *Tigner v. Shearson-Lehman Hutton, Inc.,* 201 Ga.App. 713, 411 S.E.2d 800 (1991). Dixie Diners Atlanta, Inc. v. Gwinnett Fed. Bank, FSB, 211 Ga. App. 364, 366, 439 S.E.2d 53, 56 (1993).

Again Dixie Diners Atlanta is distinguishable from this case in that the court found no fiduciary relationship existed pursuant to OCGA § 23-2-58 under the facts of the case. Once again Plaintiff Ferguson is asserting her claims pursuant to OCGA § 23–2–114.

In *McKenna Long & Aldridge, LLP v. Keller* the court simply reiterated its holding in Legacy *Homes, Inc. v. Cole,* 205 Ga.App. 34, 421 S.E.2d 127 (1992).

In that case the court stated that "one party to a real estate closing attempted to sue the other party's attorney for legal malpractice. We observed, "It is generally held that an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice suit. This is essential in establishing the *element of duty that is necessary to every lawsuit based upon a theory of negligence.*" (Citations and punctuation omitted; emphasis supplied.) Id. at 35, 421 S.E.2d 127. And in *Driebe v. Cox,* 203 Ga.App. 8, 416 S.E.2d 314 (1992), we held that "[b]efore an action for malpractice or negligence can lie against an attorney, there must be a legal duty from the attorney to the plaintiff." Id. at 9(1), 416 S.E.2d 314. Finally, in *Tarver v. Wills,* 174 Ga.App. 550, 551(1), 330 S.E.2d 896 (1985) (full concurrence in Division 1), we found that malicious use of process was the proper claim against an attorney for "maliciously" filing a meritless lawsuit. In so holding, we observed that no cause of action in negligence could lie because "the overriding public policy guarding free access to the courts and the fact that the attorney's legal duty is to his own client" demanded a finding that the attorney owed no legal duty to an adverse party that would give rise to a claim in negligence, whether "to investigate fully the client's claim prior to filing suit or to avoid filing a suit which he knew or should have known was frivolous." (Citations and punctuation

omitted.) Id." *McKenna Long & Aldridge, LLP v. Keller*, 267 Ga. App. 171, 173, 598 S.E.2d 892, 894 (2004).

This case has absolutely no application to the case at bar as it discuss a claim for a negligence tort of legal malpractice. The plaintiff in this matter in asserting a claim of wrongful foreclosure which is an intentional tort for which a law firm can clearly be liable as the court in a recent wrongful foreclosure case involving foreclosure counsel reiterated that "agents, by an express undertaking to that effect, may render themselves individually liable. Every agent exceeding the scope of his authority shall be individually liable to the person with whom he deals; so, also, for his own tortious act, whether acting by command of his principal or not, he shall be responsible; for the negligence of his underservant, employed by him in behalf of his principal, he shall not be responsible. See also *Oglethorpe Realty Co. v. Hazzard,* 172 Ga.App. 98, 99(3), 321 S.E.2d 820 (1984).

Defendant cites several district court cases to support their theory that they escape liability but these are all based on the misstatements of law and the continued fraud played upon the court. *In Vieira v. Citigroup, Inc*., the district court stated that "To show wrongful attempted foreclosure, the Plaintiff must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were

- 17 -

sustained as a direct result of this publication." *Aetna Finance Co. v. Culpepper,* 171 Ga.App. 315, 319, 320 S.E.2d 228 (1984).

In that case Plaintiff did not allege any duty owed to him by Pendergast, and typically a law firm owes no duty to its clients' adversary. Accordingly, the Court found that there was no possibility that the Plaintiff could establish a claim against Pendergast for wrongful foreclosure. *Vieira v. Citigroup, Inc.,* 1:12-CV-1636-TWT, 2012 WL 6194350 (N.D. Ga. Dec. 12, 2012). In the case at bar plaintiff clearly established a duty owed by defendant pursuant to OCGA § 23–2–114 and endorsed by the Georgia Court of Appeals, thus this case is distinguishable from *Viera v. Citigroup*.

### B. Defendant CitiMortgage is not the Secured Creditor

Defendant complains of the lack of evidence to support the statement that CitiMortgage is not the secured creditor. Defendant has lost their way and gotten confused as to the standard for a motion to dismiss, one must remember evidence is accumulated during the discovery phase not the pleading stage, thus the assertion is inappropriate at this stage of pleading as it would require an inquiry into fact and a motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case.

*See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (2d ed.1990).

### C. Trespass

Defendant states that they did not enter upon or interfere with Plaintiff's land, but this simply shows Defendant's lack of knowledge regarding the definition of trespass in Georgia. Trespass in defined as "Any unlawful interference with, or intrusion on the property rights of another." The Official Code of Georgia defines "trespass" as "any misfeasance, transgression, or offense which damages another's health, reputation, or property. O.C.G.A. § 1–3–3(20). Accord*, Cox v. Strickland*, 120 Ga. 104, 47 S.E. 912 (1904); *Evans v. Cannon*, 34 Ga. App. 467, 470–71, 130 S.E. 76 (1925)" *King v. Citizens Bank of De Kalb*, 88 Ga. App. 40, 76 S.E.2d 86 (1953).

Plaintiff clearly states that "Defendants intentionally and consciously interfered with the plaintiff's right to the exclusive use and benefit of the subject property, thereby breaching the aforementioned duty. The Breach occurred when the Defendant extinguished the *plaintiff's right of possession and equitable right of redemption by wrongfully and unlawfully exercising the power of sale and filing the dispossessory action against plaintiff.* " (Complaint ¶¶ 28-30).

### D. Georgia RICO

Defendants next states that a RICO claim fails as a matter of law because they did not commit any predicate acts.  The Georgia RICO Act prohibits "any person" from engaging in certain specified activities. It also permits any person injured by reason of a party engaging in a prohibited activity to bring a civil damages action. A pattern requires at least two interrelated predicate offenses. O.C.G.A § 16-14-3(8). Under the Georgia RICO Act, it is unlawful for any person, through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of real property, or personal property of any nature, including money. Simply stated,  a RICO violation, O.C.G.A §16-14-4, and any consequent recovery through O.C.G.A §16-14-6(c), requires that the plaintiff show an injury by a pattern of racketeering activity, *State of Ga. v. Shearson Lehman Bros*., 188 Ga.App. 120, 121(2), 372 S.E.2d 276 (1988).

Contrary to defendants assertion Ga. Code Ann. § 16-14-4(c) clearly states that a party is liable under Georgia RICO if they "conspire or endeavor to violate any of the provisions of subsection (a) or (b) of this Code section. "Ga. Code Ann. § 16-14-4 (West), thus defendant is liable if they committed the predicate acts or conspired to commit the predicate acts.

Defendants state that plaintiff does not allege causation and injury, but the complaint clearly states that "To establish this nexus, the plaintiff must show that *one* of the predicate acts directly harmed *it,* not a third party." (Punctuation and footnote omitted.) *Schoenbaum Ltd. Co. v. Lenox Pines,* 262 Ga.App. at 470(8)(c), 585 S.E.2d 643." *Smith v. Morris, Manning & Martin, LLP*, 293 Ga. App. 153, 165-66, 666 S.E.2d 683, 695-96 (2008)., See Also, *Pollman v. Swan,* 314 Ga. App. 5, 723 S.E.2d 290 (2011) (When a court evaluates a Racketeer Influenced and Corrupt Organizations Act (RICO) claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. West's Ga.Code Ann. § 16–14–3(8) *et seq*.) Plaintiff was injured in business and property by the defendants' unlawful foreclosure and eviction establishing a direct nexus between plaintiff's injury and defendants' criminal acts, Plaintiff has suffered sufficient damages." (Complaint ¶ 40).

Defendant further suggests that because Plaintiff was in default they were relieved from following the mandatory procedures for conducting a non-judicial foreclosure. Under Georgia law a plaintiff's "claim for wrongful exercise of a power of sale can be asserted even though a debt is in default. "[W]hen a power of sale is exercised [a]ll that is required of [the foreclosing party] is to advertise and sell the property according to the terms of the instrument, and that the sale be

conducted in good faith. *Kennedy v. Gwinnett Commercial Bank*, 155 Ga.App. 327, 330(1), 270 S.E.2d 867 (1980). "Good faith" in conducting the sale is not necessarily limited to the provisions of the deed. A power of sale "simply evidences an agreement between the parties that the (mortgagee) shall be relieved from the necessity of resorting to a foreclosure at law or in equity.... However, even though the power of sale is conferred upon the grantee for the purpose of facilitating his collection of the amount of the underlying debt which is secured by the property, the power must be exercised fairly." [OCGA § 23-2-114.]" Id. at 328-329(1), 270 S.E.2d 867. A "breach of this duty to conduct the sale 'fairly' gives rise to a claim for damages to the injured holder of the equity of redemption." Id. at 329(1), 270 S.E.2d 867; accord *Calhoun First Nat. Bank v. Dickens*, supra at 285-286(1), 443 S.E.2d 837. *Brown v. Freedman*, 222 Ga. App. 213, 215, 474 S.E.2d 73, 76 (1996)

Additionally, the Court of Appeals has stated that in the context of a wrongful foreclosure action one asserting "A RICO violation, OCGA § 16-14-4, and any consequent recovery through OCGA § 16-14-6(c), requires that [plaintiff] show an injury by a pattern of racketeering activity, *State of Ga. v. Shearson Lehman Bros.*, 188 Ga.App. 120, 121(2), 372 S.E.2d 276 (1988). A pattern requires at least two interrelated predicate offenses. OCGA § 16-14-3(8).1718. [Plaintiff]…alleges theft

by conversion, OCGA § 16-8-4, theft by deception, OCGA § 16-8-3, and mail fraud, 18 USC § 1341, which constitute RICO predicate acts. See OCGA §§ 16-14-3(9)(A)(ix); 16-14-3(9)(A) (xxix).

Although [plaintiff] does not specify all the acts which she alleges constitute these crimes, at this point she is not required to. [Defendant] may move for a more definite statement if one is necessary." *Brown v. Freedman*, 222 Ga. App. 213, 217, 474 S.E.2d 73, 77-78 (1996) In this case Plaintiff dis specify all the acts that constituted the crimes thus she more than meets her pleading burden.

### E. Plaintiff Has Adequately Pled IIED Claim

Georgia has long recognized a cause of action for intentional infliction of emotional distress.  However, the burden which the Plaintiff must meet in order to prevail in this cause of action is a stringent one.   To prevail, a Plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Racette v. Bank of Am., N.A.*, A12A1499, 2012 WL 5205684 (Ga. Ct. App. Oct. 23, 2012).

There exists a statutory duty upon a mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt. O.C.G.A § 23-2-114.   Although arising from a contractual right, breach of this duty is a tort compensable at law. See,

e.g., *Curl v. First Federal Savings & Loan Assn.,* 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979) (affirmed the award of damages for mental pain and aggravation and punitive damages in an action for wrongful foreclosure); *Decatur Investments Co. v. McWilliams,* 162 Ga.App. 181, 182(2), 290 S.E.2d 526 (1982) (affirmed an award of punitive damages in a wrongful foreclosure action); see also 20 E.G.L., Mortgages and Bonds for Title, § 69, p. 584.

"As a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. [Cit.] However, when the claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury. [Cit.]" *Hamilton v. Powell, Goldstein, Frazer & Murphy,* 252 Ga. 149, 150, 311 S.E.2d 818 (1984). *Clark v. West,* 196 Ga. App. 456, 457-58, 395 S.E.2d 884, 886 (1990).

Additionally, as a part of actual damages under the FDCPA, Plaintiff is entitled to seek damages for intentional infliction of emotional distress caused by Defendants' FDCPA violations, without proving the elements of the state law tort of intentional infliction of emotional distress. See, *Tracy v. Credit Bureau, etc.,* 174 Ga.App. 668, 669, 330 S.E.2d 921 (1985) (holding that, because remedies under the Federal Fair Credit Reporting Act are of a federal statutory nature, relief in the form

of damages is not determined by state court decisions); *Vidrine v. Am. Prof'l Credit, Inc.*, 223 Ga. App. 357, 477 S.E.2d 602 (1996).

## D.  ATTORNEY'S FEES AND PUNITIVE DAMAGES

The Court of Appeals has stated that "Attorney Fees, Costs, and Punitive Damages. An award of attorney fees, costs, and punitive damages is derivative of a plaintiff's substantive claims." *See DaimlerChrysler Motors Co. v. Clemente*, 294 Ga.App. 38, 52(5), 668 S.E.2d 737 (2008).   The court of appeals has specifically addressed this issue when foreclosure counsel sought to dismiss a plaintiff's complaint for attorney's fees, cost and punitive damages in *Racette v. Bank of America*.  There the Court of Appeals found that, because the trial court erred in dismissing several of the Racettes' substantive claims, the court likewise erred in dismissing their request for attorney fees, costs, and punitive damages as derivative of those claims. *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 181, 733 S.E.2d 457, 466 (2012).

## IV. CONCLUSION

Based on the Foregoing Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

This 13th day of  May, 2013.                    Respectfully Submitted


                                                /s/Deirdre M. Stephens-Johnson

                                                Deirdre M. Stephens-Johnson
                                                Georgia Bar No. 678789

4567 Rockbridge Rd. #1537
Pine Lake, GA 30072
(404) 537-3002 phone
(404) 537-3003 fax

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepaid in 14 point Times New Roman Font and complied with the margin and formatting requirements of L.R. 5.1 N.D.Ga.

This 13th day of  May, 2013.                          Respectfully Submitted


                                                                    /s/Deirdre M. Stephens-Johnson
                                                                    Deirdre M. Stephens-Johnson
                                                                    Georgia Bar No. 678789

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MAXINE FERGUSON, | |
| Plaintiff, | Civil Action No. 1:13-cv-01373-RWS |
| vs. | |
| CITIMORTGAGE, INC.; WACHOVIA MORTGAGE COMPANY; PENDERGAST & ASSOCIATES, P.C. AND PRINCIPAL RESIDENTIAL MORTGAGE, INC., | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a true and correct copy of

the ***Plaintiff's Response to Defendants' Motion to Dismiss*** upon Defendants

counsel of record via the CM/ECF system:

This 13th Day of May

/s/Deirdre M. Stephens-Johnson

Deirdre M. Stephens-Johnson
Georgia Bar No. 678789

4567 Rockbridge Rd. #1537
Pine Lake, GA 30072
(404) 537-3002 phone
(404) 537-3003 fax