IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAXINE FERGUSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-01373-RWS |
| CITIMORTGAGE, INC., *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

This case comes before the Court on Defendant Pendergast & Associates, P.C.'s Motion to Dismiss [6] and Defendant CitiMortgage, Inc.'s Motion for Judgment on the Pleadings [8]. After reviewing the record, the Court enters the following Order.

### **Background**

This case arises from the alleged wrongful foreclosure of Plaintiff's property located at 4024 Stoneview Circle, Stone Mountain, Georgia ("Property"). (Am. Compl., Dkt. [1-1] ¶ 7.) On October 23, 1997, Plaintiff Maxine Ferguson executed a Promissory Note and Security Deed in favor of Wachovia Mortgage Company. (Id. ¶ 9.) To secure the $65,000 Note, Plaintiff

conveyed to Wachovia and its successors and assigns the Property with power of sale.  (Security Deed, Dkt. [1-1] at 26.)[1]  Wachovia assigned the Security Deed to Principal Residential Mortgage, Inc. ("Principal") on November 4, 1997.  (Assignment, Dkt. [1-1] at 33.)  Defendant CitiMortgage, Inc. ("CMI") is Principal's successor-in-interest by merger.  (Articles of Merger, Dkt. [1-2] at 2.)

When Plaintiff defaulted on the Note, CMI retained Defendant Pendergast & Associates, P.C. ("Pendergast") as foreclosure counsel.  (Am. Compl., Dkt. [1-1] ¶ 11.)  Pendergast mailed Plaintiff a Notice of Foreclosure Sale ("Notice") on May 1, 2012, which Plaintiff alleges was deficient under Georgia law because it failed to provide notice of default or to properly identify the secured creditor.  (Id. ¶¶ 11-12.)  At the June 5, 2012 foreclosure sale, CMI purchased and acquired title to the Property, which CMI subsequently

---

[1] Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  " 'Undisputed' means that the authenticity of the document is not challenged."  Id.

2

transferred to the Federal National Mortgage Association ("Fannie Mae") on August 3, 2012. (Id. ¶¶ 13-14.)

Plaintiff initially filed this action in the Superior Court of Dekalb County on June 14, 2012, asserting several state and federal claims related to the foreclosure sale. After CMI removed the action on the basis of federal question jurisdiction, CMI and Pendergast each filed motions to dismiss. The Court dismissed Plaintiff's sole federal claim under the Fair Debt Collections Practices Act and remanded the remaining state-law claims to state court on February 4, 2013. Ferguson v. CitiMortgage, Inc., No. 1:12-cv-2464-TCB (N.D. Ga. Feb. 4, 2013). Plaintiff then amended her Complaint on March 25, adding numerous state-law claims related to wrongful foreclosure, including trespass, intentional infliction of emotional distress, and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Am. Compl., Dkt. [1-1].) Defendants again removed, this time on the basis of diversity jurisdiction.

In its Motion for Judgment on the Pleadings, CMI contends that diversity jurisdiction is proper because Pendergast, the sole Georgia defendant, has been fraudulently joined. In addition, Pendergast has filed a Motion to Dismiss.

3

**Discussion**

**I.     Fraudulent Joinder**

First, the Court determines if it has subject matter jurisdiction over this action. Defendants argue that the Court has diversity jurisdiction because the parties are diverse, despite the fraudulent joinder of Pendergast, and the amount in controversy exceeds $75,000.[2] See 28 U.S.C. § 1332(a)(1). Plaintiff asserts that she has properly stated claims against Pendergast.

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citations omitted). As master of her own complaint, a plaintiff may join such claims and parties in a single suit as are permitted under the law and the Federal Rules of Civil Procedure. Of course, a plaintiff's decision to join a non-diverse party has repercussions for purposes of removal jurisdiction. However, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident

---

[2] While the value of the Note is only $65,000, the Court finds that the amount in controversy exceeds $75,000 because Plaintiff seeks compensatory and punitive damages, attorney's fees, and a judgment setting aside the foreclosure sale.

defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

"The burden of establishing fraudulent joinder is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "[T]he removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (citation omitted).

Examining the Complaint in the light most favorable to Plaintiff, the Court concludes that there is no possibility that she can establish a cause of action against Pendergast. All of Plaintiff's claims relate to CMI's alleged wrongful foreclosure of Plaintiff's Property. However, Pendergast only served as foreclosure counsel and has no independent authority to foreclose. Pendergast does not hold any ownership or security interest in the Property.

5

Finally, Pendergast owed no duty to Plaintiff because it acted solely as CMI's attorney and agent in the course of the foreclosure proceedings. See <u>Vieira v. Citigroup, Inc.</u>, No. 1:12-CV-1636-TWT, 2012 WL 6194350, at *5 (N.G. Ga. 2012) (holding that "typically a law firm owes no duty to its clients' adversary" (citing <u>McKenna Long & Aldridge, LLP v. Keller</u>, 598 S.E.2d 892, 894-95 (Ga. Ct. App. 2004))). A careful review of Plaintiff's Complaint thus indicates that her action is in reality against CMI, not Pendergast. See <u>id.</u> at *6 (finding that Pendergast had been fraudulently joined when it acted solely as foreclosure counsel). Plaintiff cannot possibly establish any claims against Pendergast based on CMI's alleged wrongful foreclosure. Because Pendergast was fraudulently joined, Pendergast is due to be **DISMISSED** from this suit, and its Motion to Dismiss [6] is accordingly **GRANTED**. Consequently, the Court has subject matter jurisdiction over this action.[3]

---

[3]Plaintiff contends in her responses to Defendants' motions that the action should be remanded because removal was untimely. Although the Court has a duty to determine its subject matter jurisdiction over an action, pursuant to 28 U.S.C. § 1447(c) a plaintiff must file a motion to remand within 30 days after removal before the Court will consider remanding on the basis of any defect other than lack of subject matter jurisdiction. See <u>Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.</u>, 254 F.3d 1317, 1320-21 (11th Cir. 2001) (holding that the language of § 1447(c) "indicates that the district court must wait for a party's motion before remanding a case based on procedural defect"). Because Plaintiff has not filed a motion to remand, the Court does not address any arguments for remand on this basis.

6

**II.     CMI's Motion for Judgment on the Pleadings**

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. FED. R. CIV. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

Plaintiff asserts claims of wrongful foreclosure, breach of contract, breach of fiduciary duty, trespass, wrongful eviction, violations of Georgia RICO, and intentional infliction of emotional distress. Because all of these claims are dependent on Plaintiff's wrongful foreclosure allegations, the Court first turns to this claim. To state a claim for wrongful foreclosure under Georgia law, Plaintiff must demonstrate: (1) a legal duty owed to her by the

7

foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury she sustained; and (4) damages. Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).

Plaintiff does not dispute that she was in default of her obligation; instead she attacks CMI's status as secured creditor and the sufficiency of its foreclosure and default notices. First, Plaintiff alleges that CMI was not the secured creditor when it gave notice of foreclosure. However, in You v. JP Morgan Chase Bank, N.A., the Georgia Supreme Court stated that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." 743 S.E.2d 428, 433 (Ga. 2013). Here, CMI held the Security Deed as Principal's successor-in-interest by merger, and the Security Deed expressly granted "to Lender and Lender's successors and assigns, with power of sale," the Property to secure repayment of the loan. (Dkt. [1-1] at 26.) Therefore, under Georgia law CMI was the secured creditor with authority to foreclose.

Plaintiff also argues that Defendants failed to comply with Georgia's notice requirements because "they sent the statutorily required notice to Plaintiff indicating that [CMI] was the secured creditor when in fact the secured creditor was Federal National Mortgage Association." (Am. Compl., Dkt. [1-1] ¶ 21.) Foreclosure notice requirements are governed by O.C.G.A. § 44-14-162.2, which reads:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . .

The Georgia Supreme Court also addressed this statute's requirements in You. According to the court, the statute requires only that the entity with full authority to negotiate, amend, and modify the mortgage be identified, whether that be the holder of the security deed, the holder of the note, or anyone else. 743 S.E.2d at 433-34. The court also held that "the required notice need not expressly identify the foreclosing party as the 'secured creditor.'" Id. at 434 n.7.

9

Here, Plaintiff makes no plausible allegations that Fannie Mae is either the secured creditor or the party with the full authority to negotiate, amend, or modify the mortgage.  First, as stated above, CMI was the secured creditor because it held the Security Deed, and Plaintiff's own allegations make clear that Fannie Mae was never assigned the Security Deed.  (See Am. Compl., Dkt. [1-1] ¶¶ 7-17.)  Second, the Notice of Foreclosure complied with O.C.G.A. § 44-14-162.2 because it in fact identified CMI as the entity with full authority to negotiate, amend, or modify the terms of the loan.  (See Notice, Dkt. [1-1] at 35-36.)

Nevertheless, Plaintiff further argues that Defendants breached the terms of Paragraph 21 of the Security Deed, which required CMI to include in its notice of default (1) the default; (2) the action required to cure default; (3) a date, not less than 30 days from the date notice is given, by which the default must be cured; and (4) notice that failure to cure default may result in acceleration of the debt due.  (Am. Compl., Dkt. [1-1] ¶ 22.)  The March 8, 2011 notice of default clearly met these requirements, as it notified Plaintiff of default, instructed her how to cure it, and stated that failure to cure by April 7, 2011, may result in acceleration.  (Notice of Default, Dkt. [8-1] at 2.)  CMI

10

therefore did not breach the terms of the Security Deed.  Accordingly, all of Plaintiff's wrongful foreclosure allegations fail as a matter of law.

Next, the Court addresses Plaintiff's contention that CMI owed her a fiduciary duty.  Plaintiff fails to cite any authority establishing such a duty in this case.  "Georgia courts have clearly held that a mortgagor and mortgagee do not have a confidential relationship that would create a fiduciary duty because 'they are creditor and debtor with clearly opposite interests.' " Davidson v. Mortgage Electronic Registration Systems Inc., No. 3:12-cv-47-TCB, 2012 WL 6971002, at *5 (N.D. Ga. Mar. 13, 2013) (quoting Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997)).  Consequently, Plaintiff fails to state a claim based on breach of CMI's alleged fiduciary duty to her.

Finally, Plaintiff's remaining claims, largely premised on the above allegations, all fail as a matter of law.  Plaintiff cannot sustain a trespass or wrongful eviction claim because she cannot show that CMI's exercise of its power of sale was wrongful.  Plaintiff has also failed to allege any wrongdoing sufficient to state a claim for intentional infliction of emotional distress.  Nor has Plaintiff established any wrongdoing, let alone a pattern of racketeering activity, that could establish a claim under the Georgia RICO Act.  Because all

11

of Plaintiff's claims fail as a matter of law, CMI's Motion for Judgment on the Pleadings is due to be **GRANTED**.

## Conclusion

For the foregoing reasons, Defendant Pendergast & Associates, P.C.'s Motion to Dismiss [6] and Defendant CitiMortgage, Inc.'s Motion for Judgment on the Pleadings [8] are **GRANTED**.  Furthermore, because there is no indication in the record that Defendants Wachovia Mortgage Company or Principal Residential Mortgage, Inc. have been served, they are hereby **DISMISSED** from this action pursuant to Federal Rule of Civil Procedure 4(m).  The Clerk shall close the case.

**SO ORDERED**, this   14th   day of February, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)